U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN - 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JULIAN A. REFFUE                          CIVIL ACTION NO. 08-0416
     LA. DOC. #496856                     SECTION P
VS.
                                          JUDGE DRELL
LIEUTENANT TOMS, ET AL.                    MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se plaintiff Julian A. Reffue is an inmate in the
custody of Louisiana's Department of Public Safety and
Corrections (LDOC); he is incarcerated at the Winn Correctional
Center, Winnfield, Louisiana. Proceeding *in forma pauperis*, he
filed the instant civil rights complaint pursuant to 42 U.S.C.
§1983 on March 24, 2008. He complains of being made to feel
"uncomfortable" by Lieutenant Toms and prays for compensatory
damages of $10.5 million from each of three defendants –
Lieutenant Toms, former LDOC Secretary Richard Stalder, and WCC
Warden Tim Wilkinson. This matter has been referred to the
undersigned for review, report, and recommendation in accordance
with the provisions of 28 U.S.C. §636 and the standing orders of
the court. For the following reasons it is recommended that the
complaint be **DISMISSED WITH PREJUDICE** as frivolous.

#### *Statement of the Case*

Plaintiff is an inmate in the custody of the LDOC; he is
incarcerated at WCC and is assigned to work in the kitchen. On
April 6, 2007, Assistant Shift Supervisor Lieutenant Toms made a

comment about plaintiff's grooming which made plaintiff feel "uncomfortable." Plaintiff claims that Toms has "belittled" him and made him feel "uncomfortable" on other occasions. On some unspecified date in January, while plaintiff was en route to a church service, his coat was taken in the kitchen and he was told (presumably by Lieutenant Toms), "Only a stupid idiot would come out not dressed properly."

Plaintiff prays that Toms be relieved of her position. He also prays for compensatory damages for mental anguish and sexual harassment in the amount of $31.5 million ($10.5 million from each of three defendants).

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C. §1915(e)(2). Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a

claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir.1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded an opportunity to amend his complaint.

## 2. Harassment

Plaintiff claims that Lieutenant Toms "belittles" him and otherwise causes him to feel "uncomfortable." Verbal insults and even threats and do not establish a violation of a prisoner's constitutional rights. Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir.2002); see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)("verbal abuse by a prison guard does not give rise to a cause of action under § 1983.") Plaintiff's harassment claims are frivolous.

## 3. 42 U.S.C. §1997e

Plaintiff seeks millions of dollars in compensatory damages for mental anguish. Under the provisions of  42 U .S.C. § 1997e

prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997). Plaintiff has not alleged, and the undersigned cannot conceive of, any physical injury which could have resulted from the complained of conduct of Lieutenant Toms.

To the extent that plaintiff might have suffered some discomfort as a result of having his coat taken on a cold day in January, the physical impact was clearly *de minimis*.[1]

---

[1] The courts have not yet fully defined the parameters of what constitutes a more than *de minimis* physical injury in this context. However, some guidance has been offered by the case of Luong v. Hatt, 979 F.Supp. 481 (USDC-ND Tex.1997). In that case, the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "... people in a free world setting in exercising their day-to-day medical care would treat such injuries." Luong, 979 F.Supp. at 486.  The court noted, "Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a commonsense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?

A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the

## 4. *Retaliation*

Further, to the extent that plaintiff implies that the confiscation of his coat was an act of retaliation, his claim fares no better.

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.

Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997); McDonald v. Steward, 132 F.3d 225 (5th Cir. 1998). "The inmate must allege more than his personal belief that he is the victim of retaliation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting Woods v. Smith, 60 F.3d

parameters of 1997e(e)." Luong, 979 F.Supp. at 486 (emphasis supplied).

1161, 1166 (5th Cir.1995), *cert. denied sub nom* <u>Palermo v. Woods</u>, 516 U.S. 1084(1996)).

Plaintiff's implied claim that the confiscation of his coat was an act of retaliation is unsupported by the record. According to plaintiff, his coat was taken on a cold day in January, 2008, after his Administrative Remedies Procedure grievance was received. However, by his own admission, he submitted his grievance in April and July, 2007. Plaintiff simply cannot demonstrate the requisite causation needed to support a claim of retaliation.

Further, since plaintiff cannot show that the allegedly adverse act (confiscation of his coat) constituted anything more than a *de minimis* injury, he has failed to state a valid retaliation claim. <u>Morris v. Powell</u>, 449 F.3d 682, 685-86 (5th Cir.2006), cert. denied --- U.S. ----, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006). Consequently, plaintiff's retaliation claim lacks an arguable basis in law and is frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 5. *Supervisory Liability*

Plaintiff named former LDOC Secretary Richard Stalder and WCC Warden Tim Wilkinson as defendants, but alleged no fault on their parts. It appears that plaintiff has sued these defendants in their supervisory capacity.

It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat*

*superior.*   <u>Mouille v. City of Live Oak</u>, 977 F.2d 924 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); <u>Jennings v. Joshua Indep. Sch. Dist</u>., 877 F.2d 313 (5th Cir.1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990).

To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. <u>Cronn v. Buffington</u>, 150 F.3d 538, 544 (5th Cir.1998).   Neither Wilkinson nor Stalder were personally involved in the activities described by plaintiff. His claims against these defendants are frivolous.

### 6. Conclusion and Recommendation

IT IS RECOMMENDED that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See*, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).

        In Chambers, Alexandria, Louisiana _____,
2008.

                                JAMES D. KIRK
                                UNITED STATES MAGISTRATE JUDGE